**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LUIS ENRIQUE CARDENAS-
MICHEL,

Defendant - Appellant.

No. 07-2005

D. N.M.

(D.C. No. CR-05-1339-WPJ)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Luis Enrique Cardenas-Michel was charged with unlawfully re-entering the

United States after deportation following a conviction for an aggravated felony.

Pursuant to a plea agreement, Cardenas-Michel pled guilty in exchange for the

government's agreement it would not oppose a sentence at the low end of the

United States Sentencing Guidelines range. The district court sentenced

Cardenas-Michel to a 46 month term of imprisonment, a term at the low end of

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

the guideline range (46-57 months).  He appeals from that sentence.  We affirm.

## I.  BACKGROUND

In late February 2005, Cardenas-Michel was found in New Mexico after being deported in 1998 subsequent to his conviction for escape following his arrest for being a felon in possession of a firearm.  Immigration agents discovered he had also been deported in 1994 after serving a two-year sentence for possession or purchase of a controlled substance.  On August 1, 2005, Cardenas-Michel pled guilty to illegal re-entry after an aggravated felony conviction in violation of 8 U.S.C. § 1326(a)(1) & (2) and § 1326(b)(2).  The probation office prepared a presentence report (PSR) using the 2004 edition of the guidelines manual.  It determined his base offense level was 8.  *See* USSG §2L1.2(a).  Because Cardenas-Michel was previously deported after being convicted of a drug trafficking offense for which the sentence imposed exceeded 13 months, the probation office increased his offense level by 16.  *See* USSG §2L1.2(b)(1)(A)(C).  After a 3-level reduction for accepting responsibility under USSG § 3E1.1, his total offense level was 21.  With a Criminal History Category of III, the guidelines range was 46 to 57 months imprisonment.

Cardenas-Michel objected to the PSR.  He did not claim the guideline calculations were erroneous, but requested a substantial downward variance[1]

---

[1]  A departure occurs "when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines."  *United States v. Atencio*, 476 F.3d 1099, 1101, n.1

under the factors in 18 U.S.C. § 3553(a).[2]  He explained he initially entered into the United States to escape his impoverished circumstances in Mexico.  The only reason he returned after his deportations was to support and nurture his wife and three children who reside in California.  He claimed he pled guilty to the charge of possession of a controlled substance only to protect his family and younger brother from possible arrest or harm from others.  The escape charge was not an escape from a correctional facility.  Rather, he just walked out of a hospital while he was being treated for his injuries from the shooting that led to his felon in

(10th Cir. 2007).  A variance occurs "when a court enhances or detracts from the recommended range through application of § 3553(a) factors."  *Id.*

[2]  Under section 3553(a), the sentencing court must consider:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed-
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established [by the guidelines];
(5) any pertinent policy statement [issued by the Sentencing Commission] . . .;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

possession arrest. Given the extenuating circumstances and the passage of time since his indiscretions, he argued the 16-level enhancement over-represented the likelihood of recidivism and his danger to the community. He proposed a sentence of 21 months would promote the sentencing objectives found in 18 U.S.C. § 3553(a). The district court was not persuaded and sentenced Cardenas-Michel to 46 months imprisonment.

## II. DISCUSSION

On appeal, Cardenas-Michel asserts his 46 month sentence is unreasonable because it is greater than necessary to advance the sentencing goals set forth in 18 U.S.C. § 3553(a)(2). Because Cardenas-Michel concedes his sentence is procedurally correct, we review the district court's sentencing determination for an abuse of discretion. *United States v. Gall,* 128 S.Ct. 586, 594 (2007) ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."); *United States v. Garcia-Lara,* 499 F.3d 1133, 1135-36 (10th Cir. 2007). A sentence within the properly calculated Guidelines range is presumptively reasonable on appeal. *Rita v. United States*, 127 S.Ct. 2456, 2462 (2007).

Cardenas-Michel contends "[t]here is no reasonable justification for the district court's inflexible adherence to a merely advisory guideline," and "[t]he sentencing court failed to articulate any rationale for the sentence imposed, other

than its statement that the guidelines are presumed to be correct and reasonable." (Appellant's Br. at 11.)  After a careful review of the record, we find this statement to be incorrect.  The sentencing court noted Cardenas-Michel's arguments as well as other factors considered by the court.  A decision to simply apply the guidelines to a particular case, "will not necessarily require lengthy explanation.  Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence."  *United States v. Angel-Guzman,* 506 F.3d 1007, 1016 (10th Cir. 2007) (quoting *Rita,* 127 S.Ct. at 2468).  "After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 128 S.Ct. at 597 (citing *Rita*, 127 S.Ct. at 2456).  We are satisfied that the district court properly considered the § 3553 factors here and imposed a reasonable sentence.  We discern no abuse of discretion.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge